**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**TAMMIE L. MILES**

                Plaintiff,

                                                            **Case No. 05-C-225**

       -vs-

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security**

                Defendant.

## DECISION AND ORDER

The plaintiff, Tammie L. Miles ("Miles"), requests judicial review of the Commissioner of Social Security's final determination denying her application for supplemental security income ("SSI") under the Social Security Act. After conducting a hearing, an Administrative Law Judge ("ALJ") found that Miles had the residual functional capacity ("RFC") to perform her past relevant work as a bookkeeper and drafter. Tr. 46. Accordingly, the ALJ found that Miles was not disabled under the Act.

The Social Security Act limits the scope of judicial review of the Commissioner's final determination, and provides that the findings of the Commissioner as to any fact shall be conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Powers v. Apfel*, 207 F.3d 431, 434 (7th Cir. 2000). A court may reverse the Commissioner when the ALJ's decision

is not supported by substantial evidence or is based on legal error. *See Eads v. Secretary of Dep't of Health and Human Servs.*, 983 F.2d 815, 817 (7th Cir. 1993).

Miles was born in July 1963. She alleges disability due to vertigo, tinnitus, Meniere's disease[1], and asthma. Miles received a Bachelor of Science degree in mechanical computer drafting in 1990. Tr. 37.

Miles argues that the ALJ erred in four respects. First, she alleges that the ALJ erred in finding that she did not have a listing-level impairment. Specifically, Miles contends the medical evidence demonstrates that her impairments met the requirements of Listings 2.07 and 1.04. Listing 2.07, which relates to vestibular impairments such as Meniere's disease, requires a history of frequent attacks of balance disturbance, tinnitus and progressive loss of hearing with: (1) disturbed function of vestibular labyrinth demonstrated by caloric or other vestibular tests, and (2) hearing loss established by audiometry. Even if Miles could establish disturbed vestibular function by caloric or other vestibular testing, the record does not demonstrate progressive loss of hearing or hearing loss established by audiometry. Instead, the record demonstrates that Miles's hearing remained within relatively normal limits. Tr. 234. Thus, Miles did not establish that she met every element of Listing 2.07.

Listing 1.04 relates to disorders of the spine. The record does not contain any evidence of nerve root compression (Listing 1.04A), spinal arachnoiditis (Listing 1.04B) or

---

[1] Meniere's disease is a disorder of the inner ear. It is characterized by recurrent vertigo, sensory hearing loss, tinnitus and a feeling of fullness in the ear.

lumbar spinal stenosis (Listing 1.04C).  Accordingly, the ALJ did not error in this respect either.

Second, Miles contends that the ALJ's finding that she retained the RFC to perform her past relevant work as a bookkeeper or a drafter was not supported by substantial evidence.  The ALJ found that Miles retained the capacity for sedentary-light work that did not involve exposure to unprotected heights or dangerous moving machinery; did not require climbing, balancing or overhead lifting; required only occasional stooping; and allowed her to alternate between sitting and standing.  In light of her RFC, the vocational expert testified that Miles could perform her past relevant work as a bookkeeper or a drafter, both of which Miles performed after she developed her vestibular impairment.

However, one of Miles's treating physicians, Dr. Pyle, opined that Miles's limitations were more severe.  The ALJ provided sufficient reasons for discounting Dr. Pyle's opinions.  For instance, the ALJ noted that many of Dr. Pyle's opinions regarding Miles's ability to perform work on a sustained basis were directly contradicted by Miles's actual demonstrated abilities.  Tr. 45-46.  Dr. Pyle opined, for example, that Miles would likely be absent from work more than three times per month as a result of her condition, but the record does not indicate that Miles missed work at the sandwich shop for which she was employed while suffering from her impairments.  Also, the ALJ stated that Dr. Pyle's opinions of total disability were inconsistent with Dr. Pyle's own observations that Miles's conditions improved "dramatically" with surgical treatment.  Tr. 234-35, 282.

Moreover, state agency physicians opined that Miles could perform a much broader range of medium exertion work. Tr. 238-44. Miles met all of her goals in physical therapy, Tr. 271, and her shoulder surgeon released her to return to her job at the sandwich shop one month after surgery with the only limitation being a restriction against overhead work with her left arm. Tr. 490, 493. The ALJ accounted for the limitations in Miles's left shoulder in her RFC finding. Substantial evidence, therefore, supports the ALJ's RFC finding.

Miles's third contention is that the ALJ erred by relying on the vocational expert's opinion that, in light of her RFC, Miles could perform her past work as a bookkeeper and drafter. Tr. 578-79. Miles did not contest the vocational expert's testimony in this regard at the hearing, nor could she effectively do so. As the vocational expert noted, Miles's past relevant work consisted of sitting for extended periods of time with the opportunity to stand occasionally and stretch if she felt the need. *Id*. The ALJ reasonably relied on the vocational expert's opinion that Miles's physical ailments would not affect her ability to perform her past professional jobs.

Finally, Miles argues that the ALJ erred in failing to assess all of the vocational evidence in the record, including statements from Miles's employer. Miles's argument is unavailing. The ALJ need not discuss every piece of evidence in the record, so long as the Court can "track the ALJ's reasoning and be assured that the ALJ considered the important evidence." *Diaz v. Chater*, 55 F.3d 300, 308 (7th Cir. 1995) (quoting *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995)). As the Court already indicated, the ALJ's reasoning was clear for why she discounted Dr. Pyle's assessment and why Miles's physical ailments would not

preclude her from performing her past relevant work. In addition, the former employer's statements that Miles claims the ALJ should have considered were from Miles's supervisor at the sandwich shop. Miles's work at the sandwich shop was not part of her "past relevant work" and was not one of the jobs to which Miles could return. Accordingly, those statements from her supervisor at the sandwich shop were reasonably omitted by the ALJ.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The ALJ's Decision is **AFFIRMED**.

The clerk is directed to enter judgment and close this case accordingly.

Dated at Milwaukee, Wisconsin, this 19th day of December, 2007.

**SO ORDERED,**

**s/ Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**